## VERIFICATION AFFIDAVIT IN SUPPORT
## OF SUMMARY JUDGMENT

I, Kevin K. Brown, after being duly sworn, depose and state as follows:

### AFFIANT'S BACKGROUND

1.     I have been a Task Force Officer with the Drug Enforcement Administration, United States Department of Justice, since 1999. I have used a variety of methods to investigate narcotic organizations, including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, the use of search warrants, the use of confidential informants, the use of pen registers, Title-III wire and electronic intercepts and the use of undercover agents, all in support of enforcing the drug laws of the United States.

2.     I make this affidavit for and on behalf of the United States of America. The information contained in this affidavit is both from my own personal knowledge and derived from other law enforcement officers, employees, and agents. The factual matters stated in this affidavit and in the related Complaint for Forfeiture are true and correct to the best of my knowledge, information, and belief.

### PROPERTY FOR FORFEITURE

3.     This affidavit is made to support the complaint for forfeiture concerning the following property:

    a.     a 2010 Lexus ES350, Vehicle Identification Number JTHBK1EG2A2371342, Texas license plate number BT4F223 (vehicle).

1 of 1

EXHIBIT 1

## LEGAL AUTHORITY FOR FORFEITURE

4. Based on my training and experience, I know that 21 U.S.C. § 881(a)(4) provides that all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1), (2), or (9) are subject to forfeiture.

## FACTS SUPPORTING FORFEITURE

5. I have been involved in the DEA's criminal investigation concerning Laura Lynn Pearce since early July 2014. During the investigation, DEA investigators interviewed several people associated with Frank Orlowski and Pearce, who described where they lived and what vehicles they drove. During the course of the investigation, cooperating defendants talked about going to the residence located at 2307 Wild Goose Court, Arlington, Texas, and delivering methamphetamine to Orlowski, who in turn delivered methamphetamine to Pearce.

6. During this investigation, investigators learned that the 2010 Lexus ES350, Vehicle Identification Number JTHBK1EG2A2371342, Texas license plate number BT4F223, was registered to Pearce and Michael V. Wilson at 2307 Wild Goose Court, Arlington, Texas. Investigators also learned that Pearce owns and lives in the residence at this address. During surveillance at this address, Wilson was never observed at the residence although the vehicle was observed on

numerous occasions. Pearce also was observed driving the vehicle on numerous occasions to and from her residence.

7. On July 21, 2014, Fort Worth DEA personnel executed a federal search warrant at 508 Overhill, Arlington, Texas (Orlowski's residence). While Fort Worth DEA personnel were arriving at 508 Overhill, Arlington, Texas, with Orlowski, Task Force Officer (TFO) Travis Mott observed Pearce arrive in the vehicle and park in front of the residence on the street. TFO Mott observed Pearce exit the vehicle and walk to the door of the residence and knock. Since no one answered, Pearce began to walk back to the vehicle where she was confronted by TFO Mott and Special Agent (S/A) Mike Ferry. At that point, other members of the Fort Worth DEA executed the search warrant.

8. Pearce gave consent to S/A Ferry to retrieve her identification from her purse in the vehicle. S/A Ferry entered the vehicle and located the purse belonging to Pearce. S/A Ferry looked inside the purse for the identification and observed a black bag, which contained a clear plastic baggie of a substance that later tested positive for methamphetamine weighing 31.7 grams. S/A Ferry brought the purse inside the residence and explained to Pearce what had been located and seized. Pearce started to get nervous and explained that she would cooperate with law enforcement. At that point, numerous drug ledgers and notes were located and seized from Pearce's purse. Pearce agreed to cooperate with

investigators and was released.

9. Over the next few months, Orlowski and Pearce attempted to cooperate with investigators. On at least two occasions Orlowski and Pearce came to my office and were interviewed. On both of these occasions, the two left my office in the vehicle.

10. Around the end of September or beginning of October 2014, Orlowski and Pearce both stopped communicating with me. At this time, spot checks were done at Pearce's residence at 2307 Wild Goose Court, Arlington, Texas. During these spot checks, I observed the vehicle parked at this residence. I also observed Pearce driving the vehicle several times in the City of Arlington, Texas.

11. On December 16, 2014, Pearce and others were indicted for Conspiracy to Distribute Methamphetamine in the United States District Court for the Northern District of Texas, Fort Worth Division, Case Number 4:14-CR-244, and arrest warrants were issued for Pearce and others.

12. On January 20, 2015, TFO Mott and I went to 2307 Wild Goose, Arlington, Texas. At the residence, investigators along with Arlington Police Department uniformed personnel decided to approach the residence, knock on the front door, and try to determine if Pearce was home.

13. As law enforcement personnel approached the front door, they observed Pearce driving the vehicle and turning onto Wild Goose Court. As Pearce saw law

enforcement, she immediately made an east-bound turn and exited the subdivision at an accelerated pace. Arlington uniformed officers returned to their patrol units and pursued Pearce. Arlington marked units were able to get behind Pearce at the intersection of Arkansas Lane and Green Oaks Boulevard, Arlington, Texas. The marked unit engaged its overhead lights at which time Pearce made a U-turn and pulled over in a parking lot at the intersection of Arkansas and Royce Drive, Arlington, Texas. Pearce was advised that she had an outstanding warrant and was arrested at that time. Pearce was asked if she had any methamphetamine in her possession, she stated yes and told me that the methamphetamine was located in her purse in the zipper pouch. I opened the purse, which was located in the vehicle, and Pearce directed me to the methamphetamine. I found two clear plastic baggies, which were later tested and found to be methamphetamine approximately one gram in weight. I further advised Pearce that her vehicle was being seized for forfeiture proceedings. While she was being processed into custody, Pearce asked me several times not to seize her vehicle.

14.  A Superseding Information was filed in Case Number 4:14-CR-244-A against Pearce for possession of methamphetamine with intent to distribute. On March 27, 2015, Pearce pled guilty to the Superseding Information in front of Judge John McBryde.

15. Your affiant subsequently listened to the jail visitation recordings between Pearce, Michael V. Wilson, who is Pearce's step-father and listed as a co-owner on the vehicle's title, and Suzanne Miles, who is Pearce's mother. Listed below are examples of the conversations Pearce, Wilson, and Miles had about the vehicle. They are not exact translations and do not include all conversation about the vehicle.

   a. On April 6, 2015, the three discuss Pearce calling the DEA agent and asking him to consider giving her car back to her. Later on in the conversation, the three discuss the dollar amount the insurance was costing Pearce for the vehicle.

   b. On April 20, 2015 (six days after Wilson executed a claim for the vehicle to be submitted to the DEA Asset Forfeiture Section), the three discus Pearce paying $900.00 every six months for insurance on the vehicle. Later on in the conversation, Wilson stated that it was lucky his name was on the title. They then stated the next time they purchased a vehicle they were going to put eight different names on the title.

   c. On April 27, 2015, the three discuss only getting 50% of the value of the vehicle. Pearce discusses the mileage on the vehicle and states that there were only about 75,000 on the vehicle, making it worth more. Pearce also stated that the car was in the shop two times for three months.

    d.    On May 4, 2015, the three discuss Miles concealing the insurance on the vehicle and sending more information about the vehicle to Virginia (where Wilson submitted his claim to the DEA Asset Forfeiture Section).

    e.    On May 11, 2015, the three discuss what questions Pearce was asked about the vehicle in her Presentence Report and that the car insurance was costing Pearce $975.00 for six months.

    f.    On June 1, 2015, the three discuss how, if there is money owed on the vehicle, the DEA would not seize the vehicle. Pearce then suggested that she sign a promissory note showing a lien on the vehicle. Miles then stated that they owned half, or over have of the vehicle. They then discuss doing paper work on the vehicle.

    g.    On July 6, 2015, Pearce and Miles discuss the vehicle. Pearce stated that she needed to talk with me about the amount of drugs transported in the vehicle. Pearce stated that she did not transport large amounts of drugs in the vehicle and that the vehicle was not purchased with drug money. Pearce then tells her mother that she was going to pay her back for the vehicle and that Miles needs to tell her attorney that they had a verbal agreement and they could do a promissory note for the vehicle. Miles talks about her current car having 33,000 miles on it. Miles further talks about giving her car to Pearce.

## CONCLUSION

17. Based on my training, experience, and the information set out in the preceding paragraphs, I believe the property described in paragraph 3 was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1), (2), or (9). It is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

_____
Kevin K. Brown
Task Force Officer, DEA

Subscribed to and sworn before me on this 16th day of July, 2015.

COLLEEN MARIE PLOWMAN
My Commission Expires
August 30, 2018

_____
Notary Public